IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES MICHAEL WALLACE

    Defendant.

CASE NOS. 3:10-cr-00052-JO
               3:11-cr-00075-JO
               3:16-cv-01207-JO

OPINION AND ORDER

JONES, Judge:

Defendant, James Wallace (Wallace), filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [ECF # 23] Specifically, he moved to vacate the judgment in case 3:10-cr-00052-JO and to correct his sentence imposed under the career offender guideline, U.S.S.G. § 4B1.1 citing *Johnson v. United States*, 135 S. Ct. 2551 (2015). Thereafter, the government filed a motion to dismiss Wallace's motion citing *Beckles v. United States*, 137 S. Ct. 886 (2017). [ECF # 30] Because I find *Beckles* to be controlling precedent, I GRANT the government's motion to dismiss.

## **STANDARDS**

Section 2255 permits a prisoner in custody to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

1- Opinion and Order

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). A motion pursuant to § 2255 must be filed within one year from the date on which a petitioner's conviction becomes final, unless an exception applies. *Id.* § 2255(f)(1). One exception provides that a motion is timely if (1) it "assert[s] . . . [a] right . . . newly recognized by the Supreme Court," *id.* § 2255(f)(3), (2) it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court," *id.* § 2255(f)(3), and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review, *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). Only the Supreme Court may "recognize" a new right under § 2255(f)(3). *Dodd*, 545 U.S. at 357-59. In order to show that his or her claim relies on a new rule of constitutional law, a movant must show that "(1) he or she was sentenced in violation of the Constitution and that (2) the particular constitutional rule that was violated is 'new,' [and] was 'previously unavailable'" *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017).

## BACKGROUND

### A. Defendant's Convictions and Sentencing

In case no. 3:10-cr-00052-JO, Wallace plead guilty to seven counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). In case no. 3:11-cr-00075-JO, he plead guilty to

2- Opinion and Order

attempting to escape the federal correctional facility. Pursuant to the plea agreements in these cases, the parties stipulated that Wallace qualified as a career offender under the United States Sentencing Guidelines ("Guidelines"), based on Wallace's earlier convictions for burglary in the first degree and unarmed bank robbery. The presentence reports also recommended that he be sentenced as a career offender.

For sentencing in the seven bank robberies case, the career offender guideline produced a base offense level of 32 and a total offense level of 29 after a three level reduction for acceptance of responsibility. With a criminal history category VI, Wallace's advisory guideline range was 151-188 months. If the career offender guideline had not applied, the guideline range would have been 92-115 months with a total offense level of 26 and a criminal history category IV. I imposed a low range 151 month sentence.

For sentencing in the attempted escape case, the career offender guideline produced a total offense level of 14 and a criminal history category VI (up from level 11 and category IV without the career offender enhancement) resulting in a guideline range of 37 – 46 months. Judge Brown varied below the career offender range and imposed a concurrent 24 month sentence.

Wallace did not appeal his conviction or sentence in either case.

## B. Legal Developments: *Johnson* and *Beckles*

In 2005, the Supreme Court ruled in *United States v. Booker*, 543 U.S. 220, 233 (2005) that the Federal Sentencing Act, insofar as it made the Guidelines mandatory, was unconstitutional. Following *Booker*, courts consider the Guidelines to be "advisory" and not binding on their sentencing decisions. Wallace was sentenced under the post-*Booker* "advisory" regime of the Guidelines.

3- Opinion and Order

At the time Wallace was sentenced, the Guidelines defined a "crime of violence," in part, as one that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Guidelines § 4B1.2(a) (emphasis added). The italicized portion of that definition is known as the "residual clause." Before 2015, the Armed Career Criminal Act ("ACCA") defined "violent felony" in part through a residual clause that contained a word-for-word match to the language found in the Guidelines. 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA imposes a mandatory minimum sentence of 15 years imprisonment, and a maximum sentence of life imprisonment, upon certain defendants who have been found to have three previous convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). The Ninth Circuit previously has treated the two residual clauses interchangeably. *See, e.g., United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("the definitions should be interpreted similarly").

In June 2015, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *United States v. Johnson*, 135 S. Ct. 2551, 2563 (2015). Thus, imposing a mandatory increase to a defendant's sentence under the residual clause was an unconstitutional denial of due process. *Johnson*, 135 S. Ct. at 2557. The next year, in *United States v. Welch*, the Court held that *Johnson* had announced a new substantive right that applied retroactively on collateral appeal. 136 S. Ct. 1257, 1268 (2016).

In March 2017, the Supreme Court held that the rule announced in *Johnson* does not apply to sentencing provisions that do not "fix" a sentence. *United States v. Beckles*, 137 S. Ct. 886 (2017). In *Beckles*, the defendant filed a § 2255 motion to vacate his post-*Booker* sentence, which had been enhanced under the career offender provision, on the grounds that *Johnson* rendered the residual clause of the Guidelines void for vagueness. *Beckles*, 137 S. Ct. at 891. The Supreme Court held that the post-*Booker* advisory Guidelines are not subject to vagueness challenges under the Due

Process clause of the Fifth Amendment. *Beckles*, 137 S. Ct. at 890. The court observed that the post-*Booker* Guidelines "merely guide the district court's discretion," and "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Beckles*, 137 S. Ct. at 892. "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." *Beckles*, 137 S. Ct. at 895. Because "a system of unfettered discretion is not unconstitutionally vague," the Court reasoned, a system of guided discretion does not implicate the due process concerns of notice and arbitrary enforcement that form the basis of a vagueness challenge. *Beckles*, 137 S. Ct. at 894.

## DISCUSSION

28 U.S.C. § 2255 requires a defendant to file a motion within one year from the latest of: (1) the date on which his judgment became final; (2) the date on which a government impediment was removed; (3) the date on which the right asserted was recognized by the Supreme Court; or (4) the date on which the facts supporting his claim could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Here, Wallace filed his 2255 motion more than 6 years after he was sentenced in the bank robberies case. He contends that his motion is timely because he filed it within one year of the Supreme Court's decision in *Johnson*, which established a "newly recognized right" that is retroactively applicable to cases on collateral review under *Welch*, 136 S. Ct. 1257 (2016). However, *Johnson* applies to sentences under the Armed Career Criminal Act (ACCA) and, as outlined above, the Supreme Court in *Beckles* did not find the residual clause in the career criminal Guidelines to be unconstitutionally vague.

Wallace argues that *Beckles* did not foreclose constitutional arguments other than vagueness. He argues that his advisory guideline sentence was arbitrary and capricious under the

Due Process Clause and disproportionate under the Eighth Amendment. Indeed, the Court stated that "[o]ur holding today does not render the advisory guidelines immune from constitutional scrutiny." *Beckles*, 137 S. Ct. at 895. However, Wallace is time barred under §2255(f) from asserting anything other than a newly declared constitutional rule. The new constitutional rule announced in *Johnson* is that the residual clause in the ACCA is unconstitutionally vague. Perhaps one day the Supreme Court will agree with Wallace that the residual clause of the Guidelines violates Due Process or the Eighth Amendment, but it has not yet done so.

## CONCLUSION

The Court GRANTS the government's motion to dismiss [ECF # 30] Wallace's motion to vacate, set aside, or correct sentence [ECF # 23] under 28 U.S.C. § 2255 as time barred. All pending motions are dismissed as moot. Because Wallace's claims are either time-barred or foreclosed by the U.S. Supreme Court's decision in *Beckles*, he has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Accordingly, the court declines to issue Certificate of Appealability.

IT IS SO ORDERED.

DATED this 1st day of July, 2018.

Robert E. Jones, United States District Judge